**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:                                                  Case No.19-18303-RAM

LAUREL D. JONES AKA LAUREL                Chapter 13
DEVIVIAN JONES,

                    Debtor.

_____/

**WELLS FARGO BANK, N.A.'S**
**MOTION FOR PROSPECTIVE RELIEF FROM THE**
**AUTOMATIC STAY AND CO-DEBTOR STAY**
**(RE: 14830 SW 149th St, Miami, Florida 33196)**
**\*\* Expedited Hearing Requested \*\***

> *Basis for Exigency:* Wells Fargo Bank, N.A. *holds a mortgage on real property located at 14830 SW 149th St, Miami, Florida 33196-2359 which is owned by Debtor and non-filing Co-Debtor Derrick F. Jones. Debtor and non-filing Co-Debtor Derrick F. Jones have engaged in a pattern of alternating bankruptcy filings, for the purpose of hindering and delaying a state court foreclosure proceeding. This is the 4th such bankruptcy.* Wells Fargo Bank, N.A. *respectfully requests a hearing on this matter on an expedited basis, to ensure that this Motion is heard and considered by the Court prior to dismissal and closure of the underlying bankruptcy case.*

Wells Fargo Bank, N.A. ("Movant"), by and through undersigned counsel, files this *Motion for Prospective Relief from the Automatic Stay and Co-Debtor Stay*, pursuant to 11 U.S.C. §362, Rule 4001(a) and §1301 of the Federal Rules of Bankruptcy Procedure, and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the laws of the United States of America, and in support states as follows:

**A.  STATEMENT OF FACTS**

**1. Loan History**

1.     Debtor and non-filing Co-Debtor, Derrick F. Jones (collectively the "Borrowers"), own certain real property located at 14830 SW 149th St, Miami, Florida 33196-2359 (the "Property") in Miami-Dade County, FL, legally described as:

> **LOT 60, BLOCK 26, OF COUNTRY WALK SECTION THREE, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 114, PAGE 47, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

2.     Movant holds a First mortgage position on the Property by virtue of a mortgage which is recorded in the Public Records of Miami-Dade County, FL in O.R. Book 25567 at Page 0844. Said mortgage secures a Note in the principal amount of $416,000.00.

3.     Debtor and non-filing Co-Debtor, Derrick F. Jones, defaulted under the terms of the Note and mortgage by failing to make the monthly payments due there under. As a result of these defaults, Movant commenced a foreclosure action in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, FL Case No. 13-2009-CA-081656 on November 6, 2009, which ultimately resulted in the entry of a *Final Judgment of Foreclosure* against Debtor non-filing Co-Debtor, Derrick F. Jones, on June 7, 2012 in the amount of $580,010.55 (the "Final Judgment"). Copies of the *Final Judgement* and *State Court Docket* are attached hereto and made a part hereof as **Composite Exhibit A.**

4.     The estimated value of the Property is $421,264.00. This valuation is based on the fair market value as determined by the Miami-Dade County Property Appraiser. See Miami-Dade County Property Appraisal attached as **Exhibit B.** Thus, there is little to no equity in the Property for the benefit of unsecured creditors of the estate.

5.     As of June 28, 2019, Debtor non-filing Co-Debtor, Derrick F. Jones, are indebted to Movant in the amount of approximately $480,250.79, principal balance, plus interest, and other fees and costs advanced by the mortgagee pursuant to the loan documents.

6. Moreover, Debtor non-filing Co-Debtor, Derrick F. Jones, are contractually due for the July 1, 2011 payment.

**2. Bankruptcy Case History**

7. Subsequent to the entry of the Judgment and pursuant thereto, a foreclosure sale of the Property was scheduled for July 13, 2012. Said sale was stayed by the filing of Co-Debtor, Derrick F. Jones' first Chapter 13 Bankruptcy in the Southern District of Florida and assigned Bankruptcy Case Number 12-26678-AJC (the "First Bankruptcy") on the day of the sale.

8. On December 13, 2016, Movant filed a *Motion for Relief from Stay to Enforce Final Judgment of Foreclosure* [*See* Bankruptcy Case No. 12-26678-AJC, Dkt No. 60]. An *Order Lifting the Automatic Stay and Co-Debtor Stay* was entered on February 13, 2017 [*See* Bankruptcy Case No. 12-26678-AJC, Dkt No. 67].

9. Subsequent to the entry of the Order Lifting Automatic Stay, the foreclosure sale was reset to April 20, 2017. However, on the day prior to the sale, Debtor, Laurel D. Jones, filed the second Chapter 13 Bankruptcy in the Southern District of Florida which was assigned Bankruptcy Case Number 17-14849-RAM (the "Second Bankruptcy"), thereby cancelling the sale.

10. On April 9, 2018, Movant filed a *Motion for the Entry of an Order Confirming No Stay is in Effect* [*See* Bankruptcy Case No. 17-14849-RAM, Dkt No. 57]. An *Order Granting Motion for the Entry of an Order Confirming No Stay is in Effect* [*See* Bankruptcy Case No. 17-14849-RAM, Dkt No. 71] was entered on August 24, 2018.

11. Subsequent to the entry of the Order Lifting Automatic Stay, the foreclosure sale was reset to November 21, 2018. On November 11, 2018, Debtor filed an *Emergency Motion to Dismiss Case Without Prejudice* [*See*, Bankruptcy Case No. 17-14849-RAM, Dkt No. 75]. An

*Order Granting Emergency Motion to Dismiss Case* was then entered on November 20, 2018 [*See*, Bankruptcy Case No. 17-14849-RAM, Dkt No. 78].

12.      Thereafter, on November 20, 2018, Debtor, Laurel D. Jones, filed the third Chapter 13 Bankruptcy in the Southern District of Florida which was assigned Bankruptcy Case Number 18-24481-RAM (the "Third Bankruptcy"), thereby cancelling the sale.

13.      On March 22, 2019, Movant filed a *Motion for Relief from Stay and Co-Debtor Stay to Enforce Final Judgment of Foreclosure* [*See* Bankruptcy Case No. 18-24481-RAM, Dkt No. 57]. An *Order Granting the Motion for Relief from Stay and Co-Debtor Stay* was entered on April 29, 2019 [*See* Bankruptcy Case No. 18-24481-RAM, Dkt No. 68].

14.      Subsequent to the entry of the Order Lifting Automatic Stay, the foreclosure sale was reset to June 25, 2019.

15.      On June 20, 2019, Debtor filed a *Notice of Voluntary Dismissal* [*See*, Bankruptcy Case No. 18-24481-RAM, Dkt No. 70]. An *Order Granting Voluntary Dismissal* was then entered on June 21, 2019 [*See*, Bankruptcy Case No. 18-24481-RAM, Dkt No. 71].

16.      The same day that the Third Bankruptcy was dismissed, Debtor, Laurel D. Jones, filed the instant bankruptcy case, thereby cancelling the sale

17.      Debtor and Co-Debtor, Derrick F Jones, are filing these bankruptcy petitions solely to hinder and delay Movant from enforcing its legitimate right to foreclose on the Property.

## B. ARGUMENT AND CITATION OF AUTHORITY

18.      The Bankruptcy Code was intended to afford financially troubled debtors a breathing spell from their creditors, but it was not Congress' intent to allow debtors to enjoy their property while failing to pay their mortgages for extended periods of time. *In re Three Tuns, Inc.*, 35 B.R. 110, 111 (Bankr. E.D. Pa. 1983).

19.     Payments on the Property are eight **(8) years** delinquent. Debtor and non-filing Co-Debtor, Derrick F Jones, are contractually due for July 1, 2011.

20.     Movant is justified in its request to have the Stay lifted as its foreclosure sale has been cancelled four (4) times by bankruptcies.

21.     Movant's security interest in the Property is being significantly jeopardized by Debtor's failure to make regular payments under the subject loan documents while Movant is prohibited from pursuing lawful remedies to protect such security interest.

22.     The Eleventh Circuit has stated that "whenever a chapter 13 petition appears to be tainted with a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the Debtor's motives." *In re Waldron*, 785 F.2d 936, 941 (11th Cir. 1986).   The Courts must be more vigilant when considering the purpose for which the Chapter 13 relief is sought.

23.      The Court may invoke its powers under 11 U.S.C. § 105(a) and implement a mechanism to prevent the "continuing abuse of the bankruptcy process" by the Debtor. *In re Yiram*, 214 B.R. 463 (Bankr. D. Md. 1997).

24.     Movant respectfully suggests that the purpose of the Bankruptcy Code's good faith provision is to prevent the bankruptcy forum from becoming a revolving door for debtors who, without any real ability or serious intention of abiding by the duties imposed by Title 11, seek only to delay just process.

25.     Pursuant to 11 U.S.C. § 362(d)  of the Bankruptcy Code, on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection § 362(a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

> (1)   **for cause, including the lack of adequate protection of an interest in property of such party in interest;**

(2)  **with respect to a stay of an act against property under subsection (a) of this section, if—**

    **(A)  the debtor does not have an equity in such property; and**

    **(B)  such property is not necessary to an effective reorganization;**

(3)  with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later…

(4)  **with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either**

    (A)  transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

    (B)  **multiple bankruptcy filings affecting such real property**.

(emphasis added).

## 2.    **Movant is entitled to relief from stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2)**

26.    To be entitled to relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2), Movant must show it is not adequately protected.

27.    The amount owed to Movant pursuant to the *Final Judgment of Foreclosure* (**Exhibit A**) is $580,010.55, which sum is exclusive of post-judgment interest, property preservation expenses (if any), and post-judgment attorney's fees and costs.

28.    As of June 28, 2019, Debtor and non filing Co-Debtor, Derrick F Jones, are indebted to Movant in the amount of approximately $480,250.79, principal balance, plus interest, and other fees and costs advanced pursuant to the loan documents. The current total amount due is $859,268.42.

29.    Movant is unaware of the current interior condition of the Property.  Due to the prolonged foreclosure litigation, and the multiple bankruptcy filings, Movant's position is that

the Property is at substantial risk of loss or diminution of value.  As a point of reference, the Miami-Dade County Property Appraiser estimates the value of the property at $421,264.00 (**Exhibit B**). As a result, there is little to no equity in the Property.

30.     Moreover, Debtor and non filing Co-Debtor, Derrick F Jones, are contractually due for the July 1, 2011 payment. The last payment received from Debtor and non filing Co-Debtor, Derrick F Jones, was in April 2018.

31.     Cause exists for the Motion to be granted, namely the lack of adequate protection to Movant for its security interest in the Property.

32.     Moreover, the value of the Property is insufficient in and of itself to provide adequate protection to Movant, which the Bankruptcy Code requires to be provided.

33.     The Property is not necessary for the Debtor's effective reorganization. Accordingly, relief is appropriate under 11 U.S.C. § 362(d)(2).

34.     Moreover, it is unlikely that a confirmable plan can be proposed. It does not seem likely that Debtor has sufficient disposable income to cure the default on the mortgage within the jurisdictional limits of chapter 13.  Thus, the provisions of 11 U.S.C. § 1325 (a)(6) cannot be met and the plan cannot be confirmed.

**3.     Movant is entitled to Prospective relief pursuant to 11 U.S.C. § 362(d)(4) as this is the Third Bankruptcy Case filed between Debtor and Co-Debtor**

35.     To be entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4), Movant must show that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved … **multiple bankruptcy filings affecting such real property.**

36.     This is the **<u>Fourth Bankruptcy</u>** filed by either Debtor or non-filing Co-Debtor, Derrick F. Jones, near the day of the scheduled Foreclosure Sale.

37.     Debtor non-filing Co-Debtor, Derrick F. Jones, are merely using this Chapter 13 case for the sole purpose of forestalling the collection efforts of their creditors and not to legitimately pursue an individual reorganization.

38.     Movant submits that it is entitled to prospective relief from stay for cause, to wit, the Debtor's non-filing Co-Debtor's, Derrick F. Jones, prior bankruptcy filings and the filing of the instant bankruptcy petition, which serial filings evidence a lack of good faith.

39.     Movant is also concerned that either Debtor or the non-filing Co-Debtor, Derrick F Jones, will file another bankruptcy petition as soon as the present Case is closed. See *In re Waldron*, 785 F.2d 936, 941 (11th Cir. 1986) ("whenever a Chapter 13 petition appears to be tainted by a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the Debtor's motives").

40.     The Bankruptcy Code does not define good faith nor is there an explicit requirement that petitions be filed in good faith; yet, bankruptcy courts have repeatedly lifted the automatic stay and dismissed cases as bad faith filings.  The inference that good faith is required in order for Debtor to continue to enjoy the exceptional relief afforded by the automatic stay and the other provisions of the Code upholds the integrity of the bankruptcy courts:

> Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings.  Such a standard furthers the balancing process between the interests of Debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy.  Requirement of good faith prevents abuse of the bankruptcy process by Debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes.  Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their most powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshaling and turnover of assets) available only to those Debtors and creditors with "clean hands."

*In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071-72 (5th Cir. 1986) (citations omitted). *See also In re Waldron*, 785 F.2d 936 (11th Cir. 1986).

41.    In the Chapter 13 context, the Bankruptcy Code expressly provides that a Debtor's plan cannot be confirmed unless it has been "proposed in good faith."  11 U.S.C.§ 1325(a)(3).  Thus, a Chapter 13 Debtor has a duty to act without an intent merely to delay or hinder his creditors both in the filing of the case and the filing of the plan.

42.    All of the Circuit Courts have embraced a "totality of circumstances" approach to analyzing good faith, which involves consideration of a number of factors related to the contents of a Debtor's plan as well as the conduct of the Debtor, following the Eighth Circuit's lead in *In re Estus*, 695 F.2d 311 (8th Cir. 1982), and the Eleventh Circuit's later analysis in *In re Kitchens*, 702 F.2d 885 (11th Cir. 1983).

43.    According to *Kitchens*, the prior conduct of Debtor can be considered in determining whether Debtor are demonstrating the sincerity and effort required to pass muster under Section 1325(a)(3) of the Bankruptcy Code.  The Eleventh Circuit listed the following factors, among others, as indicative of bad faith:

(5)    The motivations of Debtors and their sincerity in seeking relief under the provisions of Chapter 13;

(6)    Debtors' degree of effort;

(9)    The frequency with which the Debtor has sought relief under the Bankruptcy Reform Act and its predecessors; [and]

(10)    The circumstances under which Debtors have contracted their debts and have demonstrated bona fides, or lack of same, in dealings with their creditors.

*Kitchens,* 702 F.2d at 888-89.

44.    All of the above-cited factors are of relevance to the case at bar, particularly since this is the **Fourth Bankruptcy** petition filed by Debtor or the non-filing Co-Debtor, Derrick F

Jones.  Although a serial filing is not *per se* bad faith, the pattern of conduct which has emerged

reveals that Debtor is not sincere in reorganizing under Chapter 13.


45.    It is clear from the history of this Mortgage account that Debtor and the non-filing

Co-Debtor, Derrick F Jones, either do not have the ability to make payments or do not intend to

make payments to Movant.

46.    In light of the foregoing, Movant argues that Debtor's conduct does not justify

continued protection under the Bankruptcy Code.

47.    Accordingly, Movant maintains that cause exists pursuant to 11 U.S.C. §

362(d)(4) for the stay to be lifted.

48.    Furthermore, Movant requests that the prior history of the account justifies

measures which would restrict any future imposition of the automatic stay on its currently

pending foreclosure action.

49.    Accordingly, Movant asks that the order lifting stay provide that:

a)    If a future bankruptcy is filed on the aforementioned property, Movant can
submit an *ex parte* order for immediate relief in order to proceed with sale, post
sale process or eviction; and that

b)    Even without a separate Stay Relief Order, the Circuit Court in and for
Miami-Dade County, Florida and the Miami-Dade County Sheriff's office or any
other appropriate police authority be authorized to proceed with a sale, post sale
process or eviction if necessary, in the foreclosure action in the Circuit Court of
the 11th Judicial Circuit in and for Miami-Dade County, Florida Case No. 13-
2009-CA-0981656 after the date of the order notwithstanding any pending or
future bankruptcy by Debtor, non-filing Co-Debtor, Derrick F Jones, or any
assign of Debtor and the non-filing Co-Debtor, Derrick F Jones, any other entity
that takes title through Debtor and the non-filing Co-Debtor, Derrick F Jones.

50.    Pursuant to 11 U.S.C. § 362(e), Movant requests that, in the event a hearing is

necessary, said hearing be held within thirty (30) days.

51.     Movant requests that the Motion be granted with prospective relief in the amount of two (2) years in order to finalize the foreclosure/eviction process.

52.     Movant further requests that any communication by Movant in connection with proceeding against the Property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement or other loan workout, may be sent directly to the Debtor.

53.     Movant respectfully requests that the Court waive the fourteen (14) day stay of the Order Granting Relief pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, so that Movant can pursue its in rem remedies without further delay.

**WHEREFORE**, Movant respectfully requests that the automatic stay and co-debtor stay be lifted so that Movant may be permitted to protect its security interest in Debtors' and Co-Debtor Property outside of the bankruptcy forum, with prospective relief for two (2) years; that in the event a hearing is necessary, said hearing be held within thirty (30) days; that Movant be permitted to contact the Debtors for the reasons stated; that the fourteen (14) day stay set forth in Bankruptcy Rule 4001(a)(3) be waived; that if a future bankruptcy is filed on the Property, Movant can submit an ex parte order for immediate relief in order to proceed with sale, post sale process or eviction; that Even without a separate Stay Relief Order, the Circuit Court in and for Miami-Dade County, Florida and the Miami-Dade County Sheriff's office or any other appropriate police authority be authorized to proceed with a sale, post sale process or eviction if necessary, in the foreclosure action in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida Case No. 13-2009-CA-081656 after the date of the order notwithstanding any pending or future bankruptcy by Debtor and the non-filing Co-Debtor, Derrick F Jones, or any assign of Debtor and the non-filing Co-Debtor, Derrick F Jones, any

other entity that takes title through Debtor and the non-filing Co-Debtor, Derrick F Jones; and

such other and further relief as the Court may deem just and proper.

Respectfully Submitted:

Wanda D. Murray, Bar No.: 566381
Attorney for Movant
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
Email: WMurray@aldridgepite.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion For Prospective Relief from the Automatic Stay was served electronically or via U.S. Mail, first-class postage prepaid, to:

**DEBTOR ATTORNEY**
**(via electronic notice)**

Mitchell J. Nowack, Esq.
Nowack & Olson, PLLC
8551 Sunrise Blvd., Suite 208
Plantation, FL 33322
ecf@nowackolson.com

**DEBTOR**

Laurel D. Jones
14830 SW 149 Street
Miami, FL 33196

**CO-DEBTOR**

Derrick F. Jones
14830 SW 149 Street
Miami, FL 33196

Dated: July 3, 2019

**TRUSTEE**
**(via electronic notice)**

Nancy K. Neidich
POB 279806
Miramar, FL 33027
e2c8f01@ch13miami.com

**UNITED STATES TRUSTEE**
**(via electronic notice)**

Department of Justice
Southern District of Florida - Miami
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130
USTPRegion21.MM.ECF@usdoj.gov

/s/ *Wanda D. Murray*
Wanda D. Murray, Bar No.: 566381
Attorney for Movant
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
Email: WMurray@aldridgepite.com

5
FJVD
1-4

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

$580,010.55

WACHOVIA MORTGAGE, FSB
n/k/a WELLS FARGO BANK, N.A.,

     Plaintiff,

vs.                     Case No. 13-2009-CA-081656 (30)

DERRICK F. JONES; LAUREL D. JONES;
COUNTRY WALK MASTER ASSOCIATION, INC.;
and COUNTRY WALK ESTATE HOMES
ASSOCIATION, INC.,

     Defendants.

_____/

## FINAL JUDGMENT OF FORECLOSURE
### (Pursuant to Administrative Order 09-09)

     THIS ACTION was heard before the Court on Plaintiff's Motion for Summary Final Judgment on June 7, 2012 On the evidence presented, **IT IS ORDERED AND ADJUDGED that**:

1.    The Plaintiff's Motion for Summary Judgment is GRANTED. Service of process has been duly and regularly obtained over Defendants: DERRICK F. JONES; LAUREL D. JONES; COUNTRY WALK MASTER ASSOCIATION, INC.; and COUNTRY WALK ESTATE HOMES ASSOCIATION, INC.

2.    **Amounts Due**. There is due and owing to the Plaintiff the following:

| | |
|---|---|
| Principal due on the note secured by the mortgage foreclosed: | $ 445,885.21 |
| Interest on the note and mortgage from 02/01/2009 to 06/07/2012 | $ 118,109.42 |
| Title search expenses | $ 76.00 |
| Taxes for the years of 2009, 2010 and 2011 | $ 8,034.80 |
| Insurance Premiums | $ 3,487.10 |
| **Court Costs:** | |
| Filing Fee | $ 1,973.50 |
| Service of Process at $55 per Defendant | $ 330.00 |
| **SUBTOTAL** | **$ 577,896.03** |
| **Additional Costs:** | |
| Pre-Acceleration Late Charges | $ 334.52 |
| Property Inspections | $ 280.00 |
| Property Preservation | $ 50.00 |
| Publication Fees | $ 150.00 |

FORECLOSURE

7/13/12

Composite Exhibit A

| | | |
|---|---|---|
| **SUBTOTAL** | | $  **578,710.55** |
| Attorney fees based upon 8 hours at $162.50 per hour | | $     1,300.00 |
| **GRAND TOTAL** | | $  **580,010.55** |

3.  **Interest**. The grand total amount referenced in Paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest.

4.  **Lien on Property**. Plaintiff, whose address is 4101 Wiseman Blvd., San Antonio, TX 78251, holds a lien for the grand total sum specified in Paragraph 2 herein. The lien of the plaintiff is superior in dignity to any right, title, interest or claim of the defendants and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to Florida Statutes, Section 718.116. The plaintiff's lien encumbers the subject property located in Miami Dade County, Florida and described as:

    Lot 60, Block 26, of COUNTRY WALK SECTION THREE, according to the Plat thereof, recorded in Plat Book 114, Page 47 of the Public Records of Miami-Dade County, Florida

    Property address:  14830 SW 149th Street, Miami, FL  33196

5.  **Sale of Property**. If the grand total amount with interest at the rate described in Paragraph 3 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on _____ **JUL 1 3 2012** _____, to the highest bidder for cash, except as prescribed in Paragraph 6, at www.miamidade.realforeclose.com - the Clerk's website for on-line auctions at 9:00 a.m., after having first given notice as required by Section 45.031, Florida Statutes.

6.  **Costs**. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. The Clerk shall receive the service charge imposed in Section 45.031, Florida Statutes, for services in making, recording, and certifying the sale and title that shall be assessed as costs.

7.  **Right of Redemption**. On filing of the Certificate of Sale, upon order of the Court, defendant's right of redemption as proscribed by Florida Statutes, Section 45.0315 shall be terminated.

8.  **Distribution of Proceeds**. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale. During the sixty (60) days after the Clerk issues the certificate of disbursements, the Clerk shall hold the surplus pending further Order of this Court.

9.  **Right of Possession**. Upon filing of the Certificate of Title, defendant and all persons claiming under or against defendant since the filing of the Notice of Lis Pendens shall be foreclosed of all

Bk 28140 Pg 1744 CFN 20120401943 06/07/2012 11:04:21 Pg 2 of 5 Mia-Dade Cty, FL

**Composite Exhibit A**

estate or claim in the property and the purchaser at sale shall be let into possession of the property, subject to the provisions of the "Protecting Tenant At Foreclosure Act of 2009."

10. **Attorney Fees**. The Court finds, based upon the affidavits presented and upon inquiry of counsel for the plaintiff, that 8 hours were reasonably expended by plaintiff's counsel and that an hourly rate of $162.50 is appropriate. PLAINTIFF'S COUNSEL REPRESENTS THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH THE PLAINTIFF. The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).

11. **NOTICE PURSUANT TO AMENDMENT TO SECTION, 45.031, FLA. ST. (2006)**

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FLORIDA (TELEPHONE: (305) 375-5943), WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 N.W. FIRST AVENUE, SUITE 214, MIAMI, FLORIDA, (TELEPHONE: (305) 579-5733), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

12. **Jurisdiction**. The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

Composite Exhibit A

13.  This Judgment shall not adversely affect the legal rights vested in Defendants COUNTRY WALK MASTER ASSOCIATION, INC. and COUNTRY WALK ESTATE HOMES ASSOCIATION, INC. pursuant to §720.3085, Florida Statutes as against any purchaser of the real property.

**DONE AND ORDERED** in Chambers in Miami Dade County, Florida, this _____ day of _____ 2012

_____
Circuit Judge

HON. JERALD BAGLEY

Copies furnished to all parties on the attached service list

FINAL ORDERS AS TO ALL PARTIES
SRS DISPOSITION
NUMBER _____
THE COURT DISMISSES THIS CASE AGAINST
ANY PARTY NOT LISTED IN THIS FINAL ORDER
OR PREVIOUS ORDER(S). THIS CASE IS CLOSED
AS TO ALL PARTIES.
              Judge's Initials _____

Bk 28140 Pg 1746 CFN 20120401943 06/07/2012 11:04:21 Pg 4 of 5 Mia-Dade Cty, FL

Composite Exhibit A

**SERVICE LIST**

Derrick F. Jones
Laurel D. Jones
14830 SW 149th Street
Miami, FL 33196

Joyce Goodman-Guenther, Esq.
10723 S.W. 104th Street
Miami, FL 33176
*Attorney for Associations*

COPY HAND DELIVERED
TO PLTF'S ATTY
IN LIEU OF MAILING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Robert L. Wunker, Esq.
Rutherford Mulhall, P.A.
2600 N. Military Trail, 4th Floor
Boca Raton, FL 33431

J:\Work\FORECLOSURE\16000\307\SFJ 12-09 - Miami-Dade.wpd

Bk 28140 Pg 1747 CFN 20120401943 06/07/2012 11:04:21 Pg 5 of 5 Mia-Dade Cty, FL

Composite Exhibit A

lerk's Home (http://www.miami-dadeclerk.com/home.asp)
nline Services (http://www.miami-dadeclerk.com/online_services.asp)
bout Us (http://www.miami-dadeclerk.com/about.asp)
ontact Us (http://www.miami-dadeclerk.com/contact.asp)
y Account (https://www2.miami-dadeclerk.com/PremierServices/login.aspx)



# Miami-Dade County Civil, Family and Probate Courts Online System

**◀◀ Back to Search**

## WACHOVIA MORT (FSB) VS JONES, DERRICK F

**Local Case Number:** 2009-081656-CA-01

**Filing Date:** 11/06/2009

**State Case Number:** 132009CA081656000001

**Case Type:** z DO NOT USE - Legacy Mortgage Foreclosure

**Consolidated Case No.:** N/A

**Judicial Section:** CA30

**Case Status:** CLOSED

---

**👥 Parties**                               **Number of Parties: 5** ➕

**🔧 Hearing Details**                        **Number of Hearing: 1** ➕

**🔊 Dockets**                                **Dockets Retrieved: 76** ➖

---

Composite Exhibit A

⏏ Export to ▾

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | | 06/25/2019 | | Mortgage Foreclosure Sale | Hearing | |
| 📄 | 25 | 06/21/2019 | 31496:3199 | Suggestion of Bankruptcy | Event | |
| 📄 | 24 | 06/18/2019 | | Proof of Publication | Event | |
| 📄 | 23 | 06/18/2019 | | Mortgage Foreclosure Publication Fee | Event | **FOR SALE OF 6/25/19** |
| 📄 | 22 | 05/29/2019 | | Notice of Sale | Event | **06-25-19** |
| 📄 | 21 | 05/20/2019 | | Notice: | Event | **OF SERVING ORDER ON PLTF'S MOTION TO RESCHEDULE FORECLOSURE SALE** |
| 📄 | 20 | 05/14/2019 | | Order Resetting Foreclosure Sale | Event | **06/25/2019** |
| 📄 | 19 | 05/13/2019 | | Motion to Reset Sales Date | Event | |
| 📄 | 18 | 11/21/2018 | | Order Case Pending Bankruptcy Stay | Event | **18-24481-RAM** |
| 📄 | 17 | 11/20/2018 | 31231:1460 | Suggestion of Bankruptcy | Event | **18-24481-RAM** |
| 📄 | 16 | 11/14/2018 | | Proof of Publication | Event | |

Composite Exhibit A

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 15 | 11/14/2018 | | Mortgage Foreclosure Publication Fee | Event | **FOR SALE OF 11/21/18** |
| 📄 | 14 | 10/24/2018 | | Notice of Sale | Event | **11-21-18** |
| 📄 | 13 | 08/23/2018 | | Notice: | Event | **ORDER ON PLT. MOTION** |
| 📄 | 12 | 08/21/2018 | | Order to Cancel Sale Date | Event | **SALE DATE: 11/21/2018** |
| 📄 | 11 | 08/10/2018 | | Motion to Reset Sales Date | Event | |
| 📄 | 10 | 04/26/2017 | | Order Case Pending Bankruptcy Stay | Event | |
| | 9 | 04/19/2017 | | Suggestion of Bankruptcy | Judgment | |
| 📄 | 8 | 04/19/2017 | 30503:2116 | Suggestion of Bankruptcy | Event | **17-14849-RAM** *Parties: Jones Laurel D* |
| 📄 | 6 | 04/12/2017 | | Mortgage Foreclosure Publication Fee | Event | **FOR SALE OF 4/20/17** |
| 📄 | 7 | 04/11/2017 | | Proof of Publication | Event | |
| 📄 | 5 | 03/27/2017 | | Notice of Sale | Event | **04-20-2017** |
| | 4 | 03/08/2017 | | No Further Judicial Action | Event | |

Composite Exhibit A

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 3 | 03/08/2017 | | Order Resetting Foreclosure Sale | Event | **SALE DATE: 04/20/2017** |
| 📄 | 2 | 02/28/2017 | | Notice of Filing: | Event | **ORDER LIFTING THE AUTOMATIC STAY AND CO-DEBTOR STAY IN FAVOR OF WELLS FARGO BANK, N.A.** |
| 📄 | 1 | 02/28/2017 | | Motion to Reset Sales Date | Event | |
| 📄 | | 04/15/2014 | | Notice of Change of Address | Event | |
| | | 03/04/2013 | | Order for Substitution of Counsel | Event | *Parties: Wachovia Mort (fsb)* |
| | | 02/28/2013 | | Motion for Substitution of Counsel | Event | |
| | | 02/28/2013 | | Email Notice: | Event | **SERVICEMAIL@ACLAWLLP.COM** |
| | | 02/28/2013 | | Notice of Appearance | Event | **ATTORNEY:00063423** *Parties: Wachovia Mort (fsb)* |
| 📄 | | 07/19/2012 | 28193:0657 | Recorded Document | Event | **B: 28193 P: 0657 SUGGESTION OF BKC-# 12-26678-AJC DERRICK JONES** |
| | | 07/13/2012 | | Text | Event | **(FAXED COPY) SUGGESTION OF BANKRUPTCY 12-26678-AJC** |
| | | 07/05/2012 | | Mortgage Foreclosure Publication Fee | Event | **165.00 SALE DATE OF 07/13/12** |
| | | 06/14/2012 | | Mortgage Collection Fee | Event | **70.00** |

Composite Exhibit A

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | 06/14/2012 | | Notice of Sale | Event | |
| | 06/07/2012 | | Final Judgment by Judge | Judgment | **J $ 580010.55 BK:28140 PG:1743** |
| | 06/07/2012 | | Notice of Filing: | Event | **ORIGINAL NOTE AND MORTGAGE** |
| 📄 | 06/07/2012 | 28140:1743 | Final Judgment | Event | **J $ 580010.55 BK:28140 PG:1743** *Parties: Jones Derrick F; Jones Laurel D; Countrywalk Master Assn Inc; Countrywalk Estate Homes Assn Inc* |
| | 06/07/2012 | | Mortgage Foreclosure Sale Date | Event | **MTGE FORECLSU 07/13/2012 09:00 AM** |
| | 05/14/2012 | | Notice of Hearing Set- | Event | **SPECIAL APPT 06/07/2012 10:30AM LS:01/85** |
| | 05/14/2012 | | Motion For Summary Judgment Hearing Courtroom 3-3 | Event | |
| | 04/04/2012 | | Summons Returned - No Service | Event | *Parties: Jones Laurel D* |
| | 04/04/2012 | | Service Returned | Event | **BADGE # 1802 S 03/06/2012** *Parties: Jones Derrick F* |
| | 12/12/2011 | | Affidavit of Reasonable Attorney's Fees | Event | |
| | 12/12/2011 | | Affidavit of Amount Due and Owning | Event | |

Composite Exhibit A

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | 12/12/2011 | | Motion for Summary Judgment | Event | |
| | 06/27/2011 | | Order ranting Showing of ood Cause (FWOP Calendar) | Event | |
| | 06/17/2011 | | Order Denying Motion to Dismiss | Event | |
| | 05/03/2011 | | Notice of Default Not Entered | Event | **RESIDENCE UNKNOWN SUBMIT TO JUDGE** <br> *Parties: Jones Derrick F; Jones Laurel D* |
| | 05/02/2011 | | Notice: | Event | **JOHN TENANT, JANE TENANT AND UNKNOWN PARTIES** |
| | 05/02/2011 | | Non-Military Affidavit | Event | |
| | 05/02/2011 | | Non-Military Affidavit | Event | |
| | 05/02/2011 | | Motion for Default | Event | |
| | 05/02/2011 | | Affidavit of: | Event | **PLAINTIFFS MERGER & NAME CHANGE** |
| | 05/02/2011 | | Response: | Event | **TO INTENT TO DISMISS FOR LACK OF PROSECUTION** |
| | 03/26/2011 | | FWOP Notice | Event | **06/17/2011 09:00 AM** |
| | 02/05/2010 | | Proof of Publication | Event | **PUB DATE :** |

Composite Exhibit A

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | 01/21/2010 | | Affidavit of Constructive Service | Event | |
| | 01/21/2010 | | Notice of Action - Publication | Event | **PUB DATE :03/08/2010** *Parties: Jones Derrick F; Jones Laurel D* |
| | 12/23/2009 | | Notice: | Event | **OF COMPLIANCE** |
| | 12/23/2009 | | Notice: | Event | **OF COMPLIANCE** |
| | 11/24/2009 | | Text | Event | **SUMM ON JANE TENANT NON-SERVED** |
| | 11/24/2009 | | Text | Event | **SUMM ON JOHN TENANT NON-SERVED** |
| | 11/24/2009 | | Service Returned | Event | **BADGE # 1728 P 11/12/2009** *Parties: Countrywalk Estate Homes Assn Inc* |
| | 11/24/2009 | | Service Returned | Event | **BADGE # 1728 P 11/12/2009** *Parties: Countrywalk Master Assn Inc* |
| | 11/24/2009 | | Summons Returned - No Service | Event | *Parties: Jones Laurel D* |
| | 11/24/2009 | | Summons Returned - No Service | Event | *Parties: Jones Derrick F* |
| | 11/18/2009 | | Answer | Event | **ATTORNEY:00709130** *Parties: Countrywalk Estate Homes Assn Inc* |
| | 11/18/2009 | | Answer | Event | **ATTORNEY:00709130** *Parties: Countrywalk Master Assn Inc* |
| 📄 | 11/10/2009 | 27079:1372 | Lis Pendens | Event | **B: 27079 P: 1372** |
| | 11/06/2009 | | Summons Issued | Event | *Parties: Jones Derrick F; Jones Laurel D; Countrywalk Master Assn Inc; Countrywalk Estate Homes Assn Inc* |

Composite Exhibit A

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| | 11/06/2009 | | Filing Fee For Mortgage Foreclosure | Event | **$ 1906.00** |
| | 11/06/2009 | | Claim Amount for Mortgage Foreclosure | Event | **$ 464580.55** |
| | 11/06/2009 | | Complaint | Event | |
| | 11/06/2009 | | Civil Cover | Event | |

◀◀ Back to Search

**Please be advised:**

The Clerk s Office makes every effort to ensure the accuracy of the following information  however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk s Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk s Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services (https://www2.miami-dadeclerk.com/Developers). To review the complete Miami-Dade County Disclaimer, follow this link: https://www8.miamidade.gov/global/disclaimer/disclaimer.page (https://www8.miamidade.gov/global/disclaimer/disclaimer.page)

Email (https://miamidadecounty.co1. ualtrics.com/SE/ SID SV_bDvccbi JBv 2LH)

Login (/PremierServices/login.aspx ReturnUrl https://www2.miami-dadeclerk.com/ocs/Search.aspx)

Clerk's Home (http://www.miami-dadeclerk.com/home.asp)

Privacy Statement (https://www8.miamidade.gov/global/disclaimer/privacy-and-security.page)

Disclaimer (https://www8.miamidade.gov/global/disclaimer/disclaimer.page)  (http://www.miamidade.gov)

Contact Us (http://www.miami-dadeclerk.com/contact.asp)

About Us (http://www.miami-dadeclerk.com/about.asp)

2015 Clerk of the Courts. All Rights reserved.

Composite Exhibit A



# OFFICE OF THE PROPERTY APPRAISER

## Summary Report

Generated On : 7/1/2019

| Property Information | |
|---|---|
| Folio: | 30-5921-001-1230 |
| Property Address: | 14830 SW 149 ST<br>Miami, FL  33196-2359 |
| Owner | DERRICK F JONES &W LAUREL D |
| Mailing Address | 14830 SW 149 ST<br>MIAMI, FL 33196-2359 |
| PA Primary Zone | 2100 ESTATES - 15000 SQFT LOT |
| Primary Land Use | 0105 RESIDENTIAL - SINGLE<br>FAMILY : CLUSTER HOME |
| Beds / Baths / Half | 4 / 2 / 0 |
| Floors | 2 |
| Living Units | 1 |
| Actual Area | 3,678 Sq.Ft |
| Living Area | 2,930 Sq.Ft |
| Adjusted Area | 3,104 Sq.Ft |
| Lot Size | 18,700 Sq.Ft |
| Year Built | 1996 |



| Assessment Information | | | |
|---|---|---|---|
| Year | 2019 | 2018 | 2017 |
| Land Value | $168,500 | $151,650 | $151,650 |
| Building Value | $225,164 | $228,051 | $230,938 |
| XF Value | $27,600 | $27,900 | $28,200 |
| Market Value | $421,264 | $407,601 | $410,788 |
| Assessed Value | $231,671 | $227,352 | $222,676 |

| Taxable Value Information | | | |
|---|---|---|---|
| | 2019 | 2018 | 2017 |
| **County** | | | |
| Exemption Value | $50,000 | $50,000 | $50,000 |
| Taxable Value | $181,671 | $177,352 | $172,676 |
| **School Board** | | | |
| Exemption Value | $25,000 | $25,000 | $25,000 |
| Taxable Value | $206,671 | $202,352 | $197,676 |
| **City** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $0 | $0 | $0 |
| **Regional** | | | |
| Exemption Value | $50,000 | $50,000 | $50,000 |
| Taxable Value | $181,671 | $177,352 | $172,676 |

| Benefits Information | | | | |
|---|---|---|---|---|
| Benefit | Type | 2019 | 2018 | 2017 |
| Save Our Homes Cap | Assessment Reduction | $189,593 | $180,249 | $188,112 |
| Homestead | Exemption | $25,000 | $25,000 | $25,000 |
| Second Homestead | Exemption | $25,000 | $25,000 | $25,000 |

Note: Not all benefits are applicable to all Taxable Values (i.e. County, School Board, City, Regional).

| Sales Information | | | |
|---|---|---|---|
| Previous Sale | Price | OR Book-Page | Qualification Description |
| 10/01/1986 | $120,000 | 13090-3041 | Sales which are qualified |
| 06/01/1981 | $125,500 | 11139-1107 | Sales which are qualified |

| Short Legal Description |
|---|
| COUNTRY WALK SEC 3 |
| PB 114-47 |
| LOT 60 BLK 26 |
| LOT SIZE 18700 SQ FT |
| & INT IN COMMON AREA |

The Office of the Property Appraiser is continually editing and updating the tax roll. This website may not reflect the most current information on record. The Property Appraiser and Miami-Dade County assumes no liability, see full disclaimer and User Agreement at http://www.miamidade.gov/info/disclaimer.asp

Version:

**Exhibit B**